UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUBEDA HOSSAIN<br><br>Plaintiff,<br><br>v.<br><br>BARI HOME CARE, LLC and ASEF BARI,<br><br>Defendants. | Civil Action No. 1:19-cv-03824<br><br>**COMPLAINT** |

Plaintiff JUBEDA HOSSAIN ("Plaintiff") by her attorneys, THE LAW OFFICE OF

BRIAN G. KLEIN, P.C., as and for her Complaint against BARI HOME CARE, LLC ("BHC")

and ASEF BARI ("Bari") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff is a former employee of Defendants.

2.      Bari owns, operates, and/or controls BHC, including its four main offices, located

at: 37-16 73rd Street, Jackson Heights, New York 11372 ("Jackson Heights Office"); 2113

Starling Avenue, Bronx, New York 10462 ("Bronx Office"); 164-05 Hillside Avenue, Jamaica,

New York 11432 ("Jamaica Office"); and 469 Donald Boulevard, Holbrook, New York 11741

("Long Island Office").

3.      Plaintiff worked for Defendants in excess of forty (40) hours per week, without

appropriate minimum wage and overtime compensation for the hours she worked.

4.      Defendants failed to pay Plaintiff appropriately for any hours worked, either at the

straight rate of pay or for any additional overtime premium.

5.      Plaintiff now brings this action for unpaid minimum and overtime wages pursuant

to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and for violations of the

New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

7.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, in the NYLL claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this district under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

### *Plaintiff Jubeda Hossain*

9.      Plaintiff is an adult individual residing in Bronx County, New York.

10.      Plaintiff was employed by Defendants from on or about September 12, 2018 through on or about March 15, 2019.

11.      During the course of her employment, Plaintiff worked primarily at the Jackson Heights Office.

### *Defendant BHC*

12.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

13.      Defendants constitute an enterprise within the meaning of the FLSA.

2

14.     Upon information and belief, BHC is a domestic corporation organized and existing under the laws of the state of New York.

15.     Upon information and belief, BHC maintains its principal place of business at 469 Donald Boulevard, Holbrook, New York 11741.

*Defendant Bari*

16.     Bari is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

17.     Bari is sued individually in his capacity as, on information and belief, an owner, officer, and/or agent of BHC.

18.     Upon information and belief, Bari possesses or possessed operational control over BHC, possesses or possessed an ownership interest in BHC, and controls or controlled significant functions of BHC.

19.     Upon information and belief, Bari determined the wages and compensation of the employees of BHC, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate four main offices: the Jackson Heights Office the Bronx Office, the Jamaica Office, and the Long Island Office.

21.     Upon information and belief, Bari possesses or possessed operational control over BHC, possesses or possessed an ownership interest in BHC, and controls or controlled significant functions of BHC.

3

22. Defendants are associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method, and share or shared control over the employees.

23. Bari possesses or possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

24. Bari jointly employed Plaintiff and is her employer within the meaning of the FLSA and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff.

26. Upon information and belief, Bari operates or operated BHC as either an alter ego of himself, and/or fails to operate BHC as entities legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate BHC as a separate and legally distinct entity;

   b) defectively forming or maintaining BHC by, among other things, failing to hold annual meetings or to maintain appropriate corporate records;

   c) transferring assets and debts freely as between Defendants;

   d) operating BHC for his own benefit as the sole or majority shareholder;

   e) operating BHC for his own benefit and maintaining control over the corporation as a closed corporation or closely held or controlled entity;

   f) intermingling assets and debts of his own with those of BHC;

   g) diminishing and/or transferring assets to protect his own interests;

   h) other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.

28. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

29. At all relevant times Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00.

30. In addition, upon information and belief, Defendant and/or their enterprise were directly engaged in interstate commerce by, among other things, using various pieces of equipment and products that were produced outside the state of New York.

*Plaintiff*

31. Plaintiff was employed by Defendants from on or about September 12, 2018 through on or about March 15, 2019.

32. During the course of her employment, Plaintiff worked primarily at the Jackson Heights Office.

33. Plaintiff was hired and given the title of "manager".

34. During Plaintiff's employment with Defendants, she was the only employee who was staffed at the Jackson Heights Office.

35. During Plaintiff's employment with Defendants, her primary responsibility was to perform administrative and marketing duties.

36. Plaintiff's duties required neither discretion nor independent judgment.

37. Plaintiff rarely interacted with co-workers, let alone managed other employees while she was employed by Defendants.

38. Plaintiff's schedule was typically five days per week, working from 11:00 a.m. to 8:00 p.m.

39. During the twenty-six weeks of Plaintiff's employment, she worked in excess of forty hours in a workweek twenty-two times.

40. During the four weeks Plaintiff did not work in excess of forty hours, she worked the following amount of weekly hours: 23.75 (her first week), 39.50, 33.25, and 40 (her last week).

41. Throughout her employment with Defendants, Plaintiff was paid her wages via direct deposit.

42. With the exception of her first two weeks of employment, Plaintiff was paid a fixed weekly wage of $300.76, regardless of the number of hours Plaintiff worked each week.

43. Plaintiff received no compensation for work performed during her first two weeks of employment.

44. Defendants did not pay Plaintiff additional compensation for hours worked in excess of forty (40) per week.

45. Additionally, based on Plaintiff's compensation and hours worked per week, Plaintiff's regular rate of pay routinely fell below the applicable federal and/or state minimum wage rates.

46. Defendants never granted Plaintiff a meal break.

47. Defendants never provided Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

48. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

49.    Defendants never provided any notice to Plaintiff, in English and in Bengali (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

50.    While employed by Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages and overtime compensation.

51.    However, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked.

52.    Furthermore, despite routinely working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation of one and one-half times her regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

53.    Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages, overtime compensation, and spread of hours wages owed to her; and by failing to provide Plaintiff the required payroll and wage notices.

## FIRST CAUSE OF ACTION
### (Violations of the Minimum Wage Provisions of the FLSA)

54.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA as Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for her employment.

56.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

7

57.    Defendants constitute an enterprise within the meaning of the FLSA.

58.    Defendants failed to pay Plaintiff at the applicable minimum hourly rate in violation of the FLSA.

59.    Defendants failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of the FLSA.

60.    Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

61.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62.    Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the FLSA.

63.    Defendants failure to pay Plaintiff overtime compensation was willful within the meaning of the FLSA.

64.    Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

65.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.    Defendants failed to pay Plaintiff at the applicable minimum hourly rate in violation of the NYLL.

67.    Defendants failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of the NYLL.

68.     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provision of the NYLL)

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the NYLL and supporting regulations.

71.     Defendants failure to pay Plaintiff overtime compensation was willful within the meaning of the NYLL.

72.     Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping Requirements of the NYLL)

73.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants failed to provide Plaintiff with a written notice, in English and in Bengali (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Violation of the Wage Statement Provisions of the NYLL)

76.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

77.     Defendants never provided Plaintiff with wage statements upon each payment of

9

wages, as required by NYLL 195(3).

78.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(h)      Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the NYLL, and damages for any improper deductions or credits taken against wages,

(i)      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(j)      Awarding Plaintiff liquidated damages in an amount equal to one-hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)      Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(l)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(m)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)      All such other and further relief as the Court deems just and proper.


Dated: New York, New York
         April 29, 2019


                              By:        /s/ Brian Klein
                                    THE LAW OFFICE OF BRIAN G. KLEIN, P.C.
                                    500 7th Avenue, 8th Floor
                                    New York, New York 10018
                                    Telephone:    (347) 502-6464
                                    Facsimile:    (347) 502-6471


11